**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| THOMAS REYES, | THE HONORABLE RENÉE MARIE BUMB |
| Petitioner, | Civ. No. 17-4652 (RMB) |
| v. | **OPINION** |
| FEDERAL BUREAU OF PRISONS, | |
| Respondent. | |

**BUMB,** United States District Judge

This matter comes before the Court on Thomas Reyes' ("Petitioner") petition for writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1). Respondent Federal Bureau of Prisons ("BOP") opposes the petition. (ECF No. 4).

Petitioner was released from BOP custody on July 19, 2019. (ECF No. 16). For the reasons stated below, the Court dismisses the petition as moot.

I. BACKGROUND

On June 26, 2017, Petitioner filed a habeas corpus petition in this Court challenging a disciplinary proceeding at FCI Fairton, New Jersey that found him guilty of possessing narcotics. (ECF No. 1). The BOP submitted an answer to the petition in opposition.

(ECF No. 4).

After reviewing the administrative record, the Court ordered the BOP to supplement its answer with further documentation regarding the reason video footage of the Special Housing Unit ("SHU") corridors was unavailable during Petitioner's disciplinary hearing. (ECF Nos. 10 & 14). The BOP provided two supplements, (ECF Nos. 12 & 16), and Petitioner submitted a response, (ECF No. 15).

The BOP's second supplement indicated that Petitioner's release date was July 19, 2019. (ECF No. 16). The BOP's Inmate Locator confirms that Petitioner was released from custody on that date. Inmate Locator, available at https://www.bop.gov/inmateloc/# (last visited September 9, 2019).

II. DISCUSSION

"Under Article III of the Constitution, a federal court may adjudicate 'only actual, ongoing cases or controversies.'" Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). The "case or controversy" requirement continues through all stages of federal judicial proceedings and requires that parties have a personal stake in the outcome. Burkey, 556 F.3d at 147 (citing Lewis, 494 U.S. at 477-78). For there to remain a case or controversy, there must be a likelihood that the petitioner's injury would be redressed by a District Court's grant of his habeas corpus

petition. Id. at 150.

Petitioner has been released from BOP custody, presumably onto the supervised release portion of his sentence. (See ECF No. 4-1 at 5). The remedy in a § 2241 petition challenging a disciplinary proceeding would be to remand to the BOP to conduct a new disciplinary hearing. See Bridge v. U.S. Parole Comm'n, 981 F.2d 97, 105 (3d Cir. 1992) ("[T]he appropriate judicial remedy when an agency exceeds its discretion is a remand to the agency for further proceedings consistent with the court's opinion.") (citing Federal Power Comm. v. Idaho Power Co., 344 U.S. 17, 20 (1952)); Mitts v. Zickefoose, 869 F. Supp. 2d 568, 575 (D.N.J. 2012) ("If a federal court sitting in habeas review finds that the constitutional safeguards . . . of due process, have been violated, the sole remedy that court could offer is a curative hearing."); Cannon v. Schultz, No. 08-4514, 2010 WL 2539387, at *6 (D.N.J. June 16, 2010) ("[E]ven if a federal court determines that an inmate's due process rights were violated during an administrative hearing, the federal court does not conduct its own 'trial' superceding a defective administrative proceeding: in such case, the proper remedy is a curative administrative hearing conducted in accordance with due process requirements."). However, the Court cannot order the BOP to conduct a new hearing in this matter because Petitioner has completed his period of incarceration and is no longer in BOP custody.

3

In Burkey, the Third Circuit affirmed the district court's determination that a § 2241 petition challenging a prison disciplinary hearing was moot after the petitioner was released from BOP custody onto supervised release. 556 F.3d 142 (3d Cir. 2009). The court reasoned that petitioner's sentence had expired and that delayed commencement of a "validly imposed term of supervised release" is insufficient to be a "continuing injury" to avoid mootness after release from BOP custody. Id. at 148. As Petitioner challenges only the actions of the BOP in his prison disciplinary hearing, there is no live case or controversy following Petitioner's release from prison.

The Court will therefore dismiss the petition as moot.

III. CONCLUSION

For the reasons discussed above, the petition is dismissed as moot. An appropriate order follows.

Dated: September 11, 2019

                                s/Renée Marie Bumb
                                **RENÉE MARIE BUMB**
                                **United States District Judge**